IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-HC-2178-FL

| | |
|---|---|
| JOSEPH CAMMARANO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN PATRICIA STANSBERRY, ) | |
| ) | |
| Respondent. ) | |

The matter is before the court on the motion to dismiss or in the alternative motion for summary judgment (DE # 4) of respondent Warden Patricia Stansberry (hereinafter "respondent"). Because respondent has attached matters outside of the pleadings, her motion will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the court grants respondent's motion.

STATEMENT OF THE CASE

On September 27, 2007, petitioner Joseph Cammarano filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2241. He alleges in his petition that his public safety factor (hereinafter "PSF") classification violates the Eighth Amendment of the United States Constitution, and that it violates his rights under the Due Process Clause of the United States Constitution. As relief, petitioner seeks an order from the court directing the Bureau of Prisons (hereinafter "BOP") to waive his PSF.

On November 21, 2007, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. Petitioner filed a response on May 27, 2008.

STATEMENT OF FACTS

On May 20, 2005, petitioner pled guilty in the United States District Court for the Eastern District of New York to one count of conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) and one count of illegal gambling in violation of 18 U.S.C. § 1955. (Respt.'s Mem. Cox Aff. ¶ 3 and Attach. 1.) Petitioner was sentenced to a term of ten (10) years imprisonment for the conspiracy to murder conviction and a consecutive term of five years imprisonment for the illegal gambling conviction. (Id.)

Petitioner currently is incarcerated at the Low Security Correctional Institution (hereinafter "LSCI") in Butner, North Carolina.[1] (Id. Cox Aff. ¶ 3.) His current custody classification is that of "IN," which is the second highest custody level a federal inmate may be assigned. (Id. Cox Aff. ¶ 4.) The BOP Program Statement provides: "An inmate who has IN custody is assigned to regular quarters and is eligible for all regular work assignments and activities under a normal level of supervision. Inmates with IN custody are not eligible for work details or programs outside the institution's secure perimeter." See Bureau of Prisons Program Statement 5100.08, Inmate Security Designation and Custody Classification, ch. 2, p. 2 (Sept. 12, 2006).[2]

The BOP also has applied a PSF of "greatest severity offense" to petitioner. An inmate who is classified in the greatest severity range "will be housed in at least a low security level institution,

---

[1] In his response to respondent's motion for summary judgment, petitioner states that he has been moved from the Low Security Correctional Institution to the Federal Medical Center at Butner. (Pet.'s Resp. p. 7.)

[2] The BOP program statements are available at www.bop.gov.

2

unless the PSF has been waived." Id. ch. 5, p. 7. An inmate with a PSF of greatest severity may not be assigned to a minimum security institution. Id. ch. 5, p 7-11.

Petitioner alleges that on May 31, 2005, he was transferred to the Federal Medical Center (hereinafter "FMC") in Butner, North Carolina to treat his blood disorder (Hemolytic Anemia Secondary to Waldenstroms Macroglobulinemia). (Mem. in Supp. of Pet. p. 2.) Petitioner states that although he is held at the LSCI, he regularly is transported to FMC Butner for medical care. (Id.) He complains that his greatest severity PSF requires that his transportation for medical care be conducted consistent with a maximum security level. (Id.) Accordingly, petitioner states that he is handcuffed and shackled during transportation, and chained to a hospital bed while he is receiving medical treatment. (Id.) Petitioner asserts that this level of security is unnecessary and that walking while handcuffed and shackled is difficult due to his age and his state of health.[3] (Id. p. 3.) Petitioner also states that it is difficult for him to sit on a bus for long periods of time. (Id.)

DISCUSSION

I. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

---

[3] At the time petitioner filed his complaint, he stated that he was seventy-two (72) years of age.

3

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

II.	Analysis

    A.	Cruel and Unusual Living Conditions Claim

As part of his § 2241 petition, petitioner contends that his PSF of greatest severity offense constitutes cruel and unusual living conditions in violation of the Eighth Amendment of the United States Constitution. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The court will begin with the objective prong of the Eighth Amendment test. To satisfy the objective prong of the Strickler test, a petitioner must demonstrate "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler, 989 F.2d at 1381. The Fourth Circuit has held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); see also Taylor v. McDuffie, 155 F.3d 479, 484 (4th Cir.1998); Outlaw v. Newkirk, 259 F.3d 833, 839 (7th Cir. 2001). With only a *de minimis* physical injury, a prisoner may recover only if the challenged conduct resulted "in an impermissible infliction of pain" or was otherwise "of a sort repugnant to the conscience of mankind." Norman, 25 F.3d at 1263 n.4.

Here, petitioner alleges that his transportation in handcuffs and shackles is uncomfortable, but does not state that he suffered any injury as a result of the alleged conditions. At most,

4

discomfort may be considered a *de minimis* injury. Additionally, the security measures taken to transport petitioner were not "repugnant to the conscience of mankind." Norman, 25 F.3d at 1263 n.4. Accordingly, petitioner is unable to establish the objective prong of the Eighth Amendment test. Because he is unable to establish the objective prong of the Strickler test, he is unable to establish an Eighth Amendment claim. Accordingly, this claim is without merit.

B. Due Process Claim

Petitioner asserts that the BOP violated his rights under the Due Process Clause when it refused to lower his PSF from greatest severity offense to lowest severity offense. Generally, prisoners do not have a liberty interest with respect to where the BOP confines them or how the BOP classifies them. Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005); O'Bar v. Pinion, 953 F.2d 74, 82-83 (4th Cir. 1991); Moody v. Daggett, 429 U.S. 78, 88 (1976) ("Congress has given federal prison officials full discretion to control . . . conditions of confinement . . . ."). However, an inmate may establish the deprivation of a liberty interest protected by the Due Process Clause by showing the following: (1) the condition exceeds the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause; or (2) the confinement creates an atypical or significant hardship and the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that restraint. Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

Petitioner contends that the BOP's refusal to lower his PSF from the greatest severity offense level violates his due process rights because it exceeds his sentence imposed. Public safety factors "are certain demonstrated behaviors which require increased security measures to ensure the protection of society." See Bureau of Prisons Program Statement 5100.08, Inmate Security Designation and Custody Classification, ch. 2, p. 4 (Sept. 12, 2006). The BOP provides that an

5

inmate may be classified with a PSF of greatest severity when he is convicted of any homicide or voluntary manslaughter. Id. App. A, p. 1. See Smith v. Lamanna, No. 0:05-2260-MBS, 2006 WL 1705664, *3 (D.S.C. June 13, 2006) (unpublished) (quotations omitted) (finding that it is not an abuse of discretion for the BOP to assign an inmate convicted of a homicide offense a greatest severity PSF). Petitioner was convicted of conspiracy to murder in aid of racketeering, which is a homicide offense. Accordingly, the BOP had the authority to assign petitioner a greatest severity offense classification. Based upon the foregoing, petitioner's custody classification was not imposed in such an unexpected manner as to violate his due process rights.

Petitioner also contends that his greatest severity offense level classification exceeds his sentence imposed because he was not informed that he would be given this classification prior to pleading guilty to the instant offense. With this claim petitioner is attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's conviction and sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

6

Id. Petitioner is unable to meet the Jones factors because he does not allege that the law has changed subsequent to his conviction. Because petitioner has not satisfied the criteria set forth in Jones for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255.[4] Because petitioner brought this action pursuant to § 2241, this claim is dismissed without prejudice to allow him the opportunity to challenge his plea agreement pursuant to § 2255.

Finally, petitioner contends that his custody classification violates his due process rights because it requires him to be transported to medical facilities in handcuffs and shackles, which is difficult considering his age and health condition. While "prisoners do not shed all constitutional rights at the prison gate, ... lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin, 515 U.S. at 485 (citations omitted).

As stated, petitioner was transported in handcuffs and shackles as part of his restrictive custody. While petitioner complains that these conditions were uncomfortable, restrictions for high security are an expected part of incarceration and do not violate the constitution. See DeBlasio v. Johnson, 128 F. Supp. 2d 315, 326 (E.D. Va. 2000), aff'd, 13 Fed. Appx. 96, 2001 WL 721398 (4th Cir. June 27, 2001) (unpublished) (stating that "the restrictive nature of high security incarceration does not alone constitute cruel and unusual punishment."). Additionally, as this court discussed supra, petitioner's discomfort did not violate the Eighth Amendment. Therefore, based upon the

---

[4] On a related note, if this petition were to be brought as a 28 U.S.C. § 2255 action, this court would not have jurisdiction to hear petitioner's claim because he was sentenced in the United States District Court for the Eastern District of New York. A prisoner wishing to challenge his conviction pursuant to § 2255 must file his petition in the court which imposed the sentence. See 28 U.S.C. § 2255.

Case 5:07-hc-02178-FL Document 11 Filed 08/20/08 Page 7 of 8

foregoing, petitioner has not demonstrated that his PSF exceeds the sentence imposed. Additionally, petitioner has not demonstrated that his confinement creates an atypical or significant hardship for which the state has created a liberty interest. Accordingly, petitioner has not demonstrated a due process violation.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 4) is GRANTED. Accordingly, petitioner's § 2241 petition (DE # 1) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 19th day of August, 2008.

LOUISE W. FLANAGAN
Chief United States District Judge